1  Jeffrey Francis Craft (SBN 147186)
2  jcraft@devlinlawfirm.com
   DEVLIN LAW FIRM LLC
3  1731 Fox Springs Circle,
   Newbury Park, CA 91320
4

5  Timothy Devlin (*pro hac vice* to be submitted)
   tdevlin@devlinlawfirm.com
6  DEVLIN LAW FIRM LLC
7  1526 Gilpin Avenue
   Wilmington, DE 19806
8  Telephone: (302) 449-9010
9  Facsimile: (302) 353-4251

10 Attorney for Plaintiff
   Scale Video Coding LLC
11

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| Scale Video Coding LLC, | Case No. 8:21-cv-01704 |
|---|---|
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| Zoom Video Communications, Inc., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff Scale Video Coding LLC ("Scale Video" or "Plaintiff"), for its Complaint against Defendant Zoom Video Communications, Inc., (referred to herein as "Zoom" or "Defendant"), alleges the following:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2. Plaintiff Scale Video is a limited liability company organized under the laws of the State of Delaware with a place of business at 717 N. Union Street, Wilmington, Delaware 19805.

3. Upon information and belief, Zoom is a corporation organized under the laws of the State of Delaware with a place of business at 420 E Carrillo St, Santa Barbara, California 93101. Upon information and belief, Zoom sells, offers to sell, and/or uses products and services throughout the United States, including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1400(b).

7. This Court has personal jurisdiction over the Zoom under the laws of the State of California, due at least to their substantial business in California and in this judicial district, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting

business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in the State of California.  Venue is also proper in this district because Zoom has a regular and established place of business in this district.  For instance, Zoom has sales offices in this judicial district.  For example, Zoom has a sales office located at 420 E Carrillo St, Santa Barbara, California 93101.  (*See, e.g.*, https://explore.zoom.us/docs/en-us/contact.html (last accessed Oct. 8, 2021).)

## **BACKGROUND**

### **The Invention**

8.	Erik Van Zijst is the inventor of U.S. Patent No 11,019,372 ("the '372 patent").  A true and correct copy of the '372 patent is attached as Exhibit A.

9.	The '372 patent resulted from the pioneering efforts of Mr. Van Zijst (hereinafter "the Inventor") in the area of network management.  These efforts resulted in the development of a method and apparatus for the management of data packets to support multicasting, or supporting one-to-many communication over the Internet, within the last five years.  At the time of these pioneering efforts, the most widely implemented technology used to address network management was to discard data packets that could not be immediately forwarded to the data recipient.  In that type of system, the data stream that is eventually received by one or more receivers further down the network is corrupt and the congestion also has a negative impact on communication sessions of other nodes that communicate through the bottleneck router.  The Inventor conceived of the inventions claimed in the '372 patent as a way to send data packets from a data source to more than one receiver, ideally without putting extra stress on the network or source when the number of receivers increases.

10.	For example, the Inventor developed a method whereby receivers tell the network which data streams the receivers want to receive and let the network

compute data distribution paths to deliver just the right packets to each receiver. As an additional example, the Inventor developed a method of letting the source encode the list of receivers in each data packet, thereby freeing the network from the potentially computationally intensive task of maintaining multicast distribution paths. As a further example, the Inventor developed a method of relying on logic at the receiver by letting the network apply a broadcast mechanism whereby each packet is delivered to every connected note and letting the receivers filter out only those packets that are interesting.

### Advantage Over the Prior Art

11. The patented invention disclosed in the '372 patent, provides many advantages over the prior art, and in particular improved the operations of network routers. (*See* '372 patent at 3:6-10.) One advantage of the patented invention is that routers are given the ability to tell the network which data streams the receivers want to receive and let the network compute data distribution paths to deliver just the right packets to each receiver. (*See* '372 patent at 3:11-15.) Prior to the patented invention, data packets would be discarded if bandwidth bottlenecks prohibited the data packet from being forwarded. By allowing the network to compute distribution paths, the path of the data packet could be adjusted to avoid the bottleneck, allowing the data packet to be forwarded.

12. Another advantage of the patented invention is the method of a source delivering data packets to all receivers and allowing the receivers to filter out only the packets needed at the receiver. (*See* '372 patent at 3:20-24.) While this places a heavy initial load on the network, bottlenecks are avoided because the flow of data packets over the distribution paths is constant and the network need not compute different data paths based on the an increase in the number of receivers.

13. Because of these significant advantages that can be achieved through the use of the patented invention, Scale Video believes that the '372 patent

3
COMPLAINT FOR PATENT INFRINGEMENT                                    CASE NO.

presents significant commercial value for companies like Zoom. Indeed, Zoom's business engages heavily in the transfer of data packets over the Internet on at least a national scale, representing a significant commercial investment for Zoom.

**Technological Innovation**

14. The patented invention disclosed in the '372 patent resolves technical problems related to network management, particularly problems related to the utilization of video routers support multicasting data packets. As the '372 patent explains, one of the limitations of the prior art as regards network management was that when a bandwidth bottleneck is reached, a video router discards the packets that cannot immediately be forwarded. This causes two problems. The data stream that is eventually received by one or more receivers further down the network is corrupt and the congestion also has a negative impact on communication sessions of other nodes that communicate through the bottleneck router. (*See* '372 patent at 1:59-65.)

15. The claims of the '372 patent do not merely recite the performance of some well-known business practice from the pre-Internet world along with the requirement to perform it on the Internet. Instead, the claims of the '372 patent recite inventive concepts that are deeply rooted in engineering technology, and overcome problems specifically arising out of how to manage the transfer of data packets over a network.

16. In addition, the claims of the '372 patent recite inventive concepts that improve the functioning of video routers, particularly a video router's ability to communicate with a network or filter data packets transferred over a network to remove unimportant packets.

17. Moreover, the claims of the '372 patent recite inventive concepts that are not merely routine or conventional use of data packet management. Instead, the patented invention disclosed in the '372 patent provides a new and novel

solution to specific problems related to improving a network's ability to multicast data packets to one or more receivers over a network with limited bandwidth capacity and decreasing the number of data packets discarded when network bandwidth bottlenecks are reached.

18. And finally, the patented invention disclosed in the '372 patent does not preempt all the ways that video routers may be used to improve network management, nor does the '372 patent preempt any other well-known or prior art technology.

19. Accordingly, the claims in the '372 patent recite a combination of elements sufficient to ensure that the claim in substance and in practice amounts to significantly more than a patent-ineligible abstract idea.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 11,019,372

20. The allegations set forth in the foregoing paragraphs 1 through 19 are incorporated into this First Claim for Relief.

21. On May 25, 2021, the '372 patent was duly and legally issued by the United States Patent and Trademark Office under the title "LAYERED MULTICAST AND FAIR BANDWIDTH ALLOCATION AND PACKET PRIORITIZATION"

22. Scale Video is the assignee and owner of the right, title and interest in and to the '372 patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

23. Upon information and belief, Zoom has and continues to directly infringe one or more claims of the '372 patent by selling, offering to sell, making, using, and/or providing and causing to be used products, specifically one or more Zoom platforms, which by way of example include Zoom Meetings, Zoom Rooms, Zoom Phone, Zoom Video Webinars, Zoom Events, Zoom Chat, Zoom United, Scheduling Display, Digital Signage, Mobile, and Annotation products. (*See*, *e.g.*,

https://explore.zoom.us/en/media-kit/ (last accessed Oct. 8, 2021); https://zoom.us/pricing/zoom-bundles (last accessed Oct. 8, 2021)) (the "Accused Instrumentalities").

24. Upon information and belief, the Accused Instrumentalities performs a method for transmitting video signals.

25. Exemplary infringement analysis showing infringement of claims 1, 6, and 11 of the '372 patent is set forth in Exhibit B. This infringement analysis is necessarily preliminary, as it is provided in advance of any discovery provided by Zoom with respect to the '372 patent. Scale Video reserves all rights to amend, supplement and modify this preliminary infringement analysis. Nothing in the attached chart should be construed as any express or implied contention or admission regarding the construction of any term or phrase of the claims of the '372 patent.

26. The Accused Instrumentality infringed and continues to infringe claims 1, 6, and 9 of the '372 patent during the pendency of the '372 patent.

27. Scale Video has been harmed by the Zoom's infringing activities.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Scale Video demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Scale Video demands judgment for itself and against Zoom as follows:

A. An adjudication that the Zoom has infringed the '372 patent;

B. An award of damages to be paid by Zoom adequate to compensate Scale Video for Zoom's past infringement of the '372 patent, and any continuing or future infringement through the date such judgment is entered, including

interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

     C.    A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Scale Video's reasonable attorneys' fees; and

     D.    An award to Scale Video of such further relief at law or in equity as the Court deems just and proper.

Dated: October 13, 2021

By: */s/ Timothy Devlin*
Timothy Devlin
tdevlin@devlinlawfirm.com
Jeffrey Francis Craft (SBN 147186)
jcraft@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251
*Attorneys for Plaintiff*
*Scale Video Coding LLC*